UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

| | |
|---|---|
| JOSE PAULINO, | **COMPLAINT** |
| *Plaintiff*, | **06 CV 3079 (KMK) (MHD)** |
| -against- | |
| LA RULETA MEATS, INC., HENRY MALLOL & LUCIANO MAYOL, | **Jury Trial Demanded** |
| | **ECF Case** |
| *Defendants*. | |

-------------------------------------------------------X

Plaintiff Jose Paulino ("Plaintiff" or "Paulino"), by and through his attorneys, Michael Faillace & Associates, P.C., complain of Defendants La Ruleta Meats, Inc. ("La Ruleta"), Henry Mallol, and Luciano Mayol, as follows:

## NATURE OF ACTION

1. Plaintiff was employed as a butcher by Defendants from February 1998 until December 2005. During his employment, Plaintiff consistently worked more than 40 hours per week. However, Defendants willfully paid Plaintiff at a rate less than the mandated minimum wage and knowingly failed to compensate him for his overtime work.

2. Plaintiff now brings this action to recover unpaid minimum wages, overtime wages, "spread of hours" pay, liquidated damages, interest, attorneys' fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York State Labor Law §§ 190 *et seq.* 650 *et seq.*, and the "spread of hours" wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because Defendants reside in this district and all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

5. Plaintiff Jose Paulino, an adult individual residing in Bronx, New York, was formerly employed by Defendants.

6. Defendant La Ruleta Meats, Inc. is a corporation organized and existing under the laws of the State of New York. La Ruleta operates a store located at 1475 St. Nicholas Avenue, New York, New York 10033 under the trade name La Ruleta Meat Market. The company also operates a store located at 122 Nagle Avenue, New York, New York 10040 under the trade name La Ruleta Meat Market II.

7. Defendant Henry Mallol is an individual engaged in business in the City and County of New York. Mallol, who is sued individually in his capacity as an owner, officer and/or agent of Defendant La Ruleta, resides at 231 Nepperhan Avenue, Apartment #2B, Yonkers, New York 10701. Mallol is a manager of the businesses and has the powers to hire and fire employees, set their wages, set their schedules and maintain their employee records.

8. Defendant Luciano Mayol is an individual engaged in business in the City and County of New York. Mayol, who is sued individually in his capacity as an owner, officer and/or agent of Defendant La Ruleta, resides at 219 Audubon Avenue, New York, New York 10033.

Mayol is a manager of the businesses and has the powers to hire and fire employees, set their wages, set their schedules and maintain their employee records.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed as a butcher by Defendants at La Ruleta Meat Market II from 1998 until on or about December 2005. Plaintiff's primary responsibilities were to process meat for sale to customers: he received shipments of meat at the store; sliced, chopped, and grounded meat for customers; and Plaintiff also received and processed customers' cash and credit card payments. In addition, Plaintiff received shipments of imported goods that were sold at the meat market. As such, Plaintiffs' work was involved with or related to the movement of goods for interstate commerce.

10. On average, La Ruleta Meat Market II sold $3,000 of meat per day. Both La Ruleta stores are open seven days per week.

11. Defendants denied Plaintiff time off for meals and breaks in violation of New York State Labor Law § 162. Specifically, Plaintiff received neither the 30 minute noonday meal break, nor the additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

12. From February 1998 until on or about July 2001, Defendants required Plaintiff to work approximately 85 hours per week. During this time period, Plaintiff worked from 7:50 A.M. until 8:00 P.M., seven days per week, and Defendants compensated him $300 per week.

13. From on or about July 2001 until on or about January 2005, Defendants required Plaintiff to work approximately 85 hours per week. During this time period, Plaintiff worked

from 7:50 A.M. until 8:00 P.M., seven days per week, and Defendants compensated him $330 per week.

14. From on or about January 2005 until on or about August 2005, Defendants required Plaintiff to work approximately 73 hours per week. During this time period, Plaintiff worked from 7:50 A.M. until 8:00 P.M., six days per week, and Defendants compensated him $350 per week.

15. From on or about August 2005 until Defendants terminated his employment in December 2005, Plaintiff continued to work from 7:50 A.M. to 8:00 P.M., six days per week, receiving $370 per week.

16. In 2005, Plaintiff complained to Defendants on multiple occasions about their compensation practices and requested overtime compensation.

17. At no time during the course of this action did Plaintiff ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

18. Defendants did not pay Plaintiff within "seven calendar days after the end of the week in which the wages are earned," and thus failed to pay Plaintiff in a timely fashion, in violation of N.Y. Lab. Law § 191(1)(a)(i).

19. Defendants, who compensated Plaintiff exclusively in cash, willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by neglecting to maintain accurate timesheets and payroll records. Specifically, Defendants neglected to maintain records indicating the number of hours Plaintiff worked each day and the total number of hours he worked each workweek.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

20. Plaintiff repeats and realleges all the paragraphs above.

21. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting commerce.

22. La Ruleta constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r). La Ruleta is engaged in interstate commerce and has gross annual sales of over $500,000. Its employees use or handle goods that have been moved or produced in interstate commerce.

23. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

24. Defendants knowingly paid Plaintiff less than the federally mandated minimum wage in violation of 29 U.S.C. § 206.

25. Defendants' failure to pay Plaintiff at the federally mandated minimum wage rate was willful within the meaning of 29 U.S.C. § 255(a).

26. Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE OVERTIME PROVISIONS OF THE FLSA

27. Plaintiff repeats and realleges all the paragraphs above.

28. Defendants intentionally failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

29. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

30. Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF
### NEW YORK LABOR LAW

31. Plaintiff repeats and realleges all the paragraphs above.

32. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

33. Defendants knowingly paid Plaintiff less than the minimum wage in violation of N.Y. Lab. Law § 651 *et seq*. and supporting regulations of the New York State Department of Labor.

34. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

35. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF
### NEW YORK LABOR LAW

36. Plaintiff repeats and realleges all the paragraphs above.

37. Defendants willfully failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

38.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

39.     Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

40.     Plaintiff has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF
## THE NEW YORK COMMISSION OF LABOR

41.     Plaintiff repeats and realleges all the paragraphs above.

42.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2 *et seq*.

43.     Defendants' failure to pay Plaintiff an additional hour's pay for each day his spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

44.     Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants have violated the minimum wage and overtime provisions of the FLSA and New York Labor Law and the Spread of Hours Wage Order of the New York Commission of Labor;

(b)     Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

(c) Awarding Plaintiff damages for the amount of unpaid overtime premiums and spread of hours pay under the FLSA, New York Labor Law, and the Spread of Hours Wage Order of the New York Commission of Labor;

(d) Awarding Plaintiff liquidated damages owed pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law § 198;

(e) Awarding Plaintiff prejudgment interest;

(f) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees; and

(g) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: New York, New York
April 21, 2006

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Michael Faillace [MF-8436]
90 Park Avenue, Suite 1700
New York, New York 10016
(212) 786-7368 (phone)
(212) 786-7369 (fax)
*Attorneys for Plaintiff*